## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| LISA L. & KURT A. BERTL, | § | |
| | § | |
| **Plaintiffs** | § | **Case No. 1:17-cv-445** |
| | § | |
| -v- | § | **Hon.** |
| | § | |
| JASON MICHAEL KATZ, P.C., | § | |
| And JASON M. KATZ, | § | |
| | § | |
| **Defendants** | § | |

## COMPLAINT

### I.  INTRODUCTION

1. Plaintiffs Kurt A. & Lisa L. Bertl (hereafter "Plaintiffs") bring this action to secure redress from unlawful collection practices engaged in by defendant Jason Michael Katz, P.C., and Jason M. Katz. Plaintiff alleges violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA").

### II.  VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2), as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and Defendant transacts and conducts business in this district.

### III. PARTIES

4. Plaintiffs are natural persons residing in Ingham County, Michigan. Plaintiffs are "consumers" and "persons" as the terms are defined and used in the FDCPA.

5. Defendant Jason Michael Katz, P.C. (hereafter "JMK") is a Michigan corporation, purportedly with offices located at 30665 Northwestern Hwy., Ste. 202 Farmington Hills, MI 48334. The registered agent for Defendant is Jason Katz at 30665 Northwestern Hwy., Ste. 202 Farmington Hills, MI 48334.

6. Defendant Jason M. Katz (hereafter "Katz") is an individual who has a place of business at, and conducts business at 30665 Northwestern Hwy., Ste. 202 Farmington Hills, MI 48334.

7. Defendant JMK uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Defendant JMK is a "debt collector" as the term is defined and used in the FDCPA.

## IV. FACTUAL ALLEGATIONS

9. Plaintiffs incurred a debt for a consumer vehicle loan with Credit Acceptance Corporation. Any resulting obligation was incurred for personal, family, and household purposes and is a "debt" as the term is defined and used in the FDCPA.

10. The aforementioned creditor claims that Plaintiffs have failed to pay their debts and that their account is delinquent.

11. Plaintiffs dispute the amount of the alleged debt.

12. Plaintiffs refuse to pay the alleged debt.

13. Credit Acceptance Corporation placed Plaintiffs' account with Defendant JMK for collection.

14. Defendant Katz is an employee of JMK and the sole owner of the company.

15. On August 4, 2016, Defendant Katz sent Plaintiffs two letters requesting payment of his account in the amount of $8,523.00. A copy of these letters are attached as Exhibit 1.

16. Among other disclosures, the letter states that "If you notify this office within thirty days that this debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you by us."

17. Pursuant to 11 U.S.C. § 1692g requires that either on or within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector must send the customer a written notice containing a statement that if the consumer notifies the debtor in writing within the thirty day period that the debt or any portion thereof is disputed, the debt collector will obtain verification of the debt.

2

18. The verification notice requirement found in §1692g must state that a writing is required. If the dispute is not made in writing, the debt collector is under no obligation to obtain verification of the debt. *See* <u>Jerman v. Carlisle</u>, 130 U.S. 1605 (2010).

19. By failing to include the words "in writing" Defendant Katz violated FDCPA 15 U.S.C. §1692g.

20. The acts and omissions of Defendant Katz were done willfully and intentionally.

21. Defendant Katz intentionally misled Plaintiffs about their verification rights under the FDCPA.

22. Plaintiff Kurt A. Bertl had demanded verification orally from the original creditor, and believed that another verbal request would be fruitless.

23. Had Mr. Bertl been aware of his legal right to obtain verification from Defendant JMK, he would have done so in writing.

24. Because of Defendant's misrepresentation, Plaintiffs incurred the expense of hiring an attorney to defend against a lawsuit filed against them in State Court.

25. Defendant JMK is liable for the acts and omissions of its employees done in connection with efforts to collect a debt from Plaintiff.

26. As an actual and proximate result of Defendant's acts and omissions, Plaintiffs have suffered actual damages and injury for which they should be compensated in an amount to be established by jury at trial including but not limited to financial loss, fear, stress, mental anguish, emotional stress, embarrassment, and suffering, for which they should be compensated in an amount to be established by jury at trial.

## V. TRIAL BY JURY

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## IV. CLAIMS FOR RELIEF

28. Defendant has violated the FDCPA. Defendants violations of the FDCPA include, but are not limited to, the following:

a.  Defendant violated 15 U.S.C. §1692g by failing to adequately disclose Plaintiff's verification rights.

**Wherefore,** Plaintiffs seek judgment against Defendant for:

a)  Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b)  Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

d)  Such further relief as the court deems just and equitable.

| Dated: May 16, 2017 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
| --- | --- |